Bell, J.,
concurring. There is much to be said for the view expressed by Judge Zimmerman in his concurring opinion to the effect that change for the sake of change alone is little reason for discarding a rule of practice that has existed for many years. And were I of the opinion that the rule of practice had its basis in reason I would be hesitant to discard it.
It has always appeared to me that the exception engrafted on the effect of consecutive motions for a directed verdict by the Hayes case makes for the incongruous situation of permitting a litigant to say to the Court: “Now I want you to decide this case in my favor but if you won’t do that I want someone else to have the opportunity to decide it in my favor.” Such a practice is a trifling with the judicial process.
I think the rule should be established definitely one way or the other. The making of consecutive motions for directed verdict should automatically throw the entire decision into the lap *209 of the judge or it should not. The majority of this court is of the opinion that it should not. I have come to the conclusion that the interest of having a clear-cut pronouncement on the question and the elimination of the fol-de-rol that heretofore has accompanied the making of such motions, and particularly the elimination of unfortunate situations such as occurred in this case, outweigh the reluctance to overrule a procedure long adhered to by the bar and bench.